20 N.J. Super. 367 (1952)
90 A.2d 77
HERMAN WEINSTEIN, ETC., PLAINTIFF-RESPONDENT,
v.
LIDA CLEMENTSEN, AND OTHERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1952.
Decided June 23, 1952.
*369 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Albert S. Gross argued the cause for the respondent.
Mr. Leroy B. Huckin argued the cause for the appellants (Messrs. Huckin & Huckin, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellants are Nungesser and wife, who are the purchasers of a residence at Leonia, and Bunch, a real estate broker, who was paid a commission on the sale. Another real estate broker, the respondent Weinstein, recovered judgment against the appellants for $950. There *370 was a fourth defendant in the action, the vendor of the land, Mrs. Clementsen, but the judgment did not go against her and she takes no part in the appeal. The theory of the action was that the defendants had unlawfully interfered with plaintiff's business. These are the facts:
Mrs. Clementsen listed her property with both the brokers, Weinstein and Bunch, and set the price at $19,500. She agreed orally, though not by a writing, to pay the former a 5% commission. Whether she expressly agreed to pay a commission to Bunch, does not appear in the testimony.
On Monday, April 30, 1951, Mrs. Nungesser called at Weinstein's office and discussed the property with one of his employees. The same day, he took her to the property and introduced her to Mrs. Clementsen. And in the evening Mrs. Nungesser went back to look at the house again, this time with her husband. Weinstein, or his staff, saw Nungesser on May 2 and Saturday, May 5. On the last occasion, Nungesser said he was willing to pay $18,500 for the property  namely, $1,000 less than Mrs. Clementsen's asking price  and that he would give to the broker a check to be used as a deposit on the purchase price. Weinstein never submitted the Nungesser offer to Mrs. Clementsen; indeed, he never communicated with her after April 30.
When the other broker, Bunch, first discussed Mrs. Clementsen's property with the Nungessers, does not appear. But Monday evening, May 7, Bunch took them to see Mrs. Clementsen; the parties reached an agreement on a transfer for $19,000, and then and there signed a contract of sale. On that occasion, Mrs. Clementsen informed Bunch that Weinstein a week earlier had introduced the Nungessers to her as prospective purchasers and Bunch agreed to save her harmless from any claim Weinstein might make against her. Upon the consummation of the sale, Mrs. Clementsen paid Bunch a commission of $950, that is, 5% on the purchase price of $19,000.
On the above facts, the district court rendered its judgment for Weinstein.
*371 We have carefully refrained from the introduction into our recital of words that might color the transaction  conspire, entice, steal, unlawful, wrongful, malicious, and the like  which are sprinkled so plentifully in some discussions of interference with business relations and which are so apt to becloud the judgment.
The plaintiff relies strongly on Louis Kamm, Inc., v. Flink, 113 N.J.L. 582; 99 A.L.R. 1 (E. & A. 1934), and Louis Schlesinger Co. v. Rice, 4 N.J. 169 (1950). The first of these cases decided that an owner of land who obtains from a broker the name of a likely purchaser, upon a promise to hold it in strict confidence and not to use the knowledge so gained to the injury of the broker, and then, ignoring the broker, negotiates a sale directly to the named purchaser, is guilty of a tort and liable to the broker for resulting damage. In the Schlesinger case, the plaintiff had a contract with a landowner for an exclusive agency for three months for the renting of the premises upon certain terms. The court held (1) that the owner breached the contract by entering into negotiations through another broker, within the three-months' period, even though the negotiations did not result in a binding contract or lease, until after the expiration of the three months; and (2) that a third party who induced the landlord to violate his engagement, was liable in damages. The subterfuge or bad faith was the essence of the wrong in the one action; the breach of contract in the other. As both elements are absent from the case before us, the two decisions cited are not immediately pertinent to the matter at hand.
We have mentioned that Mrs. Clementsen's promise to pay Weinstein a commission was oral and not in writing; it did not satisfy the statute of frauds. R.S. 25:1-9. But that circumstance, while it may be material to the amount of damages, does not impair the right of action in tort now asserted by Weinstein, for in an action against her on the contract for commissions Mrs. Clementsen might elect not to plead the statute. Louis Kamm, Inc., v. Flink, supra.
*372 As a preliminary to a determination of the precise nature of the tort allegedly committed by the defendants, we will first consider whether Weinstein became entitled to a commission. A broker does not earn his commission by the mere introduction of a buyer to the owner, but he must be the efficient procuring cause of the contract between seller and purchaser. Murray Apfelbaum, Inc., v. Bernstein, 104 N.J.L. 664 (E. & A. 1928). But where the broker presents a prospective buyer and, on that basis, negotiations ensue, even though the broker takes no part in them, and a sale results, then ordinarily the broker is considered to be the efficient cause. Where there is real doubt, the question must be left to the jury. Queen v. Jennings, 93 N.J.L. 353 (Sup. Ct. 1919); Houston v. Siebert, 129 N.J.L. 468 (E. & A. 1943). The learned judge who tried the instant cause without a jury, found that Weinstein effected the contract. This presents a view of the facts rather more favorable to the plaintiff than is stated in the complaint, which does not aver that Weinstein was the efficient cause of the sale, but intimated the contrary by saying that if Mrs. Clementsen and Bunch had not interfered, Weinstein would have earned the commission. We have not a case of contradictory testimony but one of conflicting inferences  psychological inferences. The evidence gives sufficient support to the trial court's conclusion, but it would also support a finding that Bunch, rather than Weinstein, was the efficient factor. Mrs. Clementsen, the vendor, testified that Weinstein  or his staff  "had nothing to do with bringing about the sale." Nungesser, the buyer, agreed and he added that Bunch conducted the negotiations. The parties were still $1,000 apart when plaintiff last saw them. Cf. Carpenter v. Overland Tire Co., 102 N.J.L. 196 (E. & A. 1925), where the court said:
"In the absence of an exclusive agency, it is the agent who in good faith, and without fraud on his part, procures and `delivers' (i.e., actually closes the sale to) the purchaser, that is entitled to the commission."
*373 Let us accept, however, that Weinstein had earned his commission and Mrs. Clementsen became obligated to pay it and then Bunch induced her to break her agreement. In a case of that nature, the fact that the two men were competitors would not be enough by itself to absolve Bunch. Restatement, Torts, § 768(2). But there were other and important circumstances. Bunch asserted that he was the one who had procured the sale and that he was entitled to the commission. Only one broker had a right to the commission; if it was payable to Bunch, it was not payable to Weinstein. There can be found in the evidence no basis for challenging Bunch's good faith in advancing his claim and therefore his good faith must be assumed. Nor was his claim unreasonable, even though he might not have been successful in an action against Mrs. Clementsen for the commission. In these circumstances, Bunch was justified in demanding that she pay the commission to him rather than to Weinstein. Restatement, Torts, § 773; Prosser on Torts, § 104, p. 999. Were the rule otherwise, the losing party in interpleader would always be liable in damages to the successful party.
The case alleged by the plaintiff's complaint against Bunch as we understand it is this: If he had not talked to Nungesser about Mrs. Clementsen's house, or if he had withdrawn as soon as she told him that Weinstein had already introduced the Nungessers to her as prospective purchasers, then probably Weinstein would have succeeded in negotiating the sale and would have earned a commission. Certainly, Bunch was guilty of no wrongdoing so long as he was ignorant of Weinstein's interest in the possible sale. If the judgment against Bunch can be upheld on the theory presented by the complaint, it must be on the ground that Bunch was obligated to withdraw as soon as he learned of Weinstein's activity in the matter.
It should be emphasized that Bunch does not appear to have been actuated by ill will toward Weinstein, or by a wish to cause him injury  by malice in the ordinary sense *374 of that word. His purpose was to advance his own interest, to earn the commission himself. Any damage to Weinstein was incidental. We should also note that to attain his object, Bunch employed no subterfuge or other improper means. Under such circumstances, Bunch was not guilty of a tortious act. Restatement, Torts, § 768(1) and, for general discussion, §§ 766 and 767; Prosser on Torts, § 105, especially at p. 1020 et seq. The plaintiff charged in vigorous, figurative language, that Bunch did entice and steal from the plaintiff the Nungessers as customers. The plaintiff's postulate seems to be that the broker who first "finds" a potential customer and arouses his interest in the matter which the broker is promoting, acquires an exclusive right to develop that interest into an actual business transaction. Such is not the American law of free enterprise. One sows and another reaps. One insurance salesman convinces the prospect that more insurance is advisable, and another salesman  an old friend of the prospect  writes the policy. A well-conceived advertisement of one merchant, or an able salesman, almost makes the sale but the customer decides to "think it over," and next day buys the article from a competitor.
We have dealt exclusively with the case against Bunch. But judgment was also entered against Mr. and Mrs. Nungesser although, clearly, no wrongdoing was proved against them.
The judgment is reversed with directions to enter judgment in the court below in favor of the appellants. They should have costs in both courts.